```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :     ECF Case
                        Plaintiff,      :
                                        :     09 Civ. 4755 (PGG)
        - against -                     :
                                        :
FTC Capital Markets, Inc.,              :
FTC Emerging Markets, Inc., also d/b/a FTC Group, :
Guillermo David Clamens,                :
Lina Lopez a/k/a Nazly Cucunuba Lopez,  :
                                        :
                                        :
                        Defendants.     :
-------------------------------------------------------------x

## [PROPOSED] STIPULATION AND ORDER

It is hereby stipulated and agreed that the Order Imposing Asset Freeze And Other Relief Against Defendants Guillermo David Clamens, FTC Capital Markets, Inc., and FTC Emerging Markets, Inc., also d/b/a FTC Group entered June 29, 2009 (the "June 29 Order") be amended as follows:

(1) The marketing and sale of Apartment P20-D located at 120 East 87th Street, New York, New York (the "87th Street Property") by Guillermo David Clamens is expressly authorized, provided as follows:

   a) Any sale of the 87th Street Property must be undertaken as an arms-length transaction for fair value and best efforts must be used to obtain a maximum fair market price;

b)   The Commission may seek relief from this Stipulation and Order to reimpose the June 29 Order if it reasonably believes that the provisions of sub-paragraph a) have not been complied with;

c)   The Commission shall be provided with an executed copy of the purchase and sale agreement governing the transaction via facsimile and the Commission shall have 10 business days in which to exercise its rights as provided for in sub-paragraphs a) and b) in which to file its motion for re-imposition of the Asset Freeze Order;

d)   Should the Commission fail to file such motion the rights granted in subparagraph a) and b) shall expire and be of no further force in effect.

e)   An accounting of the proceeds of the sale shall be provided to the Commission at least three business days prior to the closing for the sale of the 87th Street Property.

f)   At the closing for the sale of the 87th Street Property, all net proceeds, after payment of all taxes, liens and reasonable and customary real estate closing costs and fees, will be deposited in the Court's CRIS Account, pending further determination of the Court.

(2)   Jorge Piedrahita is expressly authorized and directed to take the following actions with respect to funds now in account number 101021-963425 at Wachovia Bank ("the FTC Expense Account"):

a)   Pay the following reasonable and necessary expenses: (i) eight thousand seven hundred and ninety dollars exactly ($8,790.00) to Aetna Health Insurance; (ii)

2

fifteen thousand dollars exactly ($15,000.00) to Jorge Piedrahita; and (iii) five thousand nine hundred and ten dollars exactly ($5,910.00) to TCM Global Relocations.

    b)  Transfer the entire balance remaining in the FTC Expense Account after the aforesaid expenditures into account number 2000750 at Savoy Bank in the name of Guillermo Clamens and close the FTC Expense Account. Savoy Bank is hereby authorized to accept said funds for deposit into account number 2000750.

    (3)  The liquidation of all securities positions, to the extent such positions are not restricted or otherwise unmarketable, in the following accounts, is expressly permitted:

    a)  FTC Capital Markets, Inc. account #11405503 (market value $5,664.02 as of June 30, 2009).
    b)  FTC Emerging Markets, Inc. account #11405073 (market value $52,521.10 as of June 30, 2009).
    c)  FTC Emerging Markets, Inc. account #11405172 (market value $300.00 as of June 30, 2009).
    d)  FTC Group Sociedad De Corretaje de Titulos Valores CA account #11405396 (market value $2,040.61 as of June 30, 2009).
    e)  FTC Capital Markets, Inc. account #31600108 (market value $370,956.00 as of June 30, 2009)

    (4)  The payment of the $1,725.00 margin account balance outstanding as of June 30, 2009 in FTC Emerging Markets, Inc account #11405412 is permitted.

    (5)  The purchase of securities sufficient to cover the short position in FTC Emerging Markets, Inc. account #11405206 (short account value $36,380.00 as of June 30, 2009) is permitted.

    (6)  The proceeds of securities transactions listed in paragraphs (3) through (5), together with all cash or money market funds held in the remaining brokerage accounts that are

subject to the June 29 Order are to be consolidated into a single interest bearing account at each institution pending final disposition of this action.

Stipulated And Agreed To By:

SECURITIES AND EXCHANGE
COMMISSION

By: _____
JACK KAUFMAN (JK-3050)
STEVEN G. RAWLINGS (SR-0623)
RHONDA JUNG (RJ-3864)
*Attorneys for Plaintiff*

FOX HORAN & CAMERINI LLP

By: _____
WILLIAM M. BRODSKY (WB 4398)
V. DAVID RIVKIN (VR 6734)

*Attorneys for Defendants*

SO ORDERED:

_____
PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

August 7, 2009
New York, New York

4