USDC SDNY
DOCUMENT
ELECTRONICALLY FIL:
DOC #:_____
DATE FILED:  8/26/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

                    -against-

FTC CAPITAL MARKETS, INC.,
FTC EMERGING MARKETS, INC., also d/b/a FTC
GROUP,GUILLERMO DAVID CLAMENS, and
LINA LOPEZ a/k/a NAZLY CUCUNUBA LOPEZ,

                                    Defendants.

**ECF CASE**

09 Civ. 4755 (PGG)

**ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

On June 30, 2010, this Court issued a Memorandum Opinion & Order granting

Defendant Lina Lopez's motion to modify the June 29, 2009 preliminary injunction to permit

FTC to advance her legal fees in the parallel criminal action brought against her. SEC v. FTC

Capital Markets, Inc., No. 09 Civ. 4755 (PGG), 2010 WL 2652405 (S.D.N.Y. June 30, 2010).

This Court concluded that Lopez has demonstrated a Sixth Amendment right to the funds frozen

by the preliminary injunction. Id. at *3-9. This Court also determined that a more complete

record was necessary before determining what amount of funds should be released to Lopez for

advancement of her legal fees incurred in the criminal action. Id. at *10.

Both the Commission and Lopez have now made additional submissions. Lopez

seeks the release of $100,000 in frozen funds. Her counsel, Priya Chaudhry, has already been

paid $25,000 by FTC and an additional $44,000 by Lopez. (July 6, 2010 Chaudhry Ltr. 2

Chaudhry contends that she is owed an outstanding balance of $59,020.95 in fees incurred in

defending the criminal action. Id. She estimates that she will incur an additional $45,000 in fees

as the case progresses. (July 6, 2010 Chaudhry Ltr. 3) The Commission does not object to

Chaudhry's hourly rate of $450. (Commission July 12, 2010 Ltr. 1) The Commission does

argue, however, that some of Chaudhry's outstanding fees were actually incurred in the course of defending the instant civil action and a related FINRA arbitration. Id. The Commission also contests the amount Chaudhry seeks to be paid prospectively. Id.

As set forth in this Court's June 30, 2010 Opinion & Order, courts in this district have refused to release frozen funds where the amounts already paid to defense counsel, or amounts available from other sources, are sufficient to pay reasonable defense costs. See FTC Capital Markets, 2010 WL 2652405, at *9 (citing SEC v. Cobalt Multifamily Investors, I LLC, No. 06 Civ. 2360 (KWM)(MHD), 2007 U.S. Dist. LEXIS 25872, at *10-12 (S.D.N.Y. April 2, 2007); SEC v. Sekhri, No. 98 Civ. 2320 (RPP), 2000 WL 1036295, at *2 (S.D.N.Y. July 26, 2000)).

Here, Lopez's counsel seeks to be paid a total of $169,000 for her representation of Lopez in the criminal action. Lopez pleaded guilty to a criminal information on October 16, 2009 – the same day the information was filed – and has cooperated with the Government since that time. Once Lopez's cooperation is complete, Chaudhry will prepare for sentencing and will represent Lopez at sentencing. The fees Chaudhry seeks are disproportionately high given that her representation of Lopez in the criminal action has involved only negotiation of a plea agreement, a guilty plea, attendance at the Government's debriefings of Lopez, and sentencing.

Moreover, as Chaudhry concedes, some portion of the fees for which she seeks reimbursement were incurred in connection with the instant action and the FINRA arbitration. (Chaudhry July 13 Ltr. 1-2) This Court's decision to permit payment of Chaudhry's fees was limited to fees incurred in the criminal action against Lopez, as Lopez's Sixth Amendment rights are implicated only in that context. See FTC Capital Markets, 2010 WL 2652405, at *3; see also (Jan. 11, 2010 Tr. 12:9 – 12:22) ("I'm asking for criminal legal fees here, not fees to defend in

2

the civil action."); SEC v. Coates, No. 94 Civ. 5361, 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994). Chaudhry's argument that "the purpose of [her] handling these matters was and is to preserve Ms. Lopez'[s] interests, defenses and rights in the criminal case" does not change the fact that Lopez does not have a right to legal fees incurred in this action or in the FINRA arbitration.

In light of these considerations, and after reviewing the billing records submitted by Lopez's counsel, this Court has determined that $100,000 is an appropriate fee for counsel's representation of Lopez in the criminal action. Because Chaudhry has already been paid $69,000, this Court authorizes the release of $31,000 from assets held by FTC and frozen by the June 29, 2009 preliminary injunction. As other courts in this district have determined in limiting the release of frozen funds to pay legal fees in related criminal actions, this amount does "not appear . . . to require augmentation" in order to protect Lopez's Sixth Amendment right to counsel. See Sekhri, 2000 WL 1036295, at *2; see also Cobalt Multifamily Investors, 2007 U.S. Dist. LEXIS 25872, at *10-12.

Accordingly, it is hereby ORDERED that FTC Capital Markets is authorized to make a payment of $31,000 to Chaudhry in satisfaction of Lopez's legal fees in the criminal action. The Commission and counsel for Lopez and the FTC entities are directed to jointly determine which account(s) should be tapped to make the payment.

Dated: New York, New York
     August 25, 2010

SO ORDERED.

Paul G. Gardephe
United States District Judge

3