USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

                - against -

FTC Capital Markets, Inc.,
FTC Emerging Markets, Inc., also d/b/a FTC Group,
Guillermo David Clamens,
Lina Lopez a/k/a Nazly Cucunuba Lopez,

                    Defendants.
------------------------------------------------------------------x

09 Civ. 4755 (PGG)

## FINAL JUDGMENT AS TO DEFENDANT FTC CAPITAL MARKETS, INC.

The Securities and Exchange Commission having filed a Complaint, and Defendant FTC Capital Markets, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §

78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(c) of the Exchange Act [15 U.S.C. § 78o(c)], by using any means or instrumentality of interstate commerce, or the mails to effect any transaction in, or inducing or attempting to induce the purchase or sale of, any security by means of manipulative, deceptive, or other fraudulent device or contrivance.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $20,931,532.75, prejudgment interest thereon in the amount of $1,583,184.64, and a civil penalty of $650,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  In full satisfaction of Defendant's obligation to pay disgorgement, prejudgment interest, and a civil money penalty under this Judgment, Defendant FTC Capital Markets, Inc. and Defendants Clamens and FTC Emerging Markets, Inc. hereby: (1) are deemed to have relinquished all legal and equitable right, title, and interest in the assets listed in Exhibit A attached hereto (the "Assets"); (2) have a continuing obligation to turnover all assets in the United States not identified in Exhibit A; and (3) are required to execute all documents necessary to effectuate the transfer of the Assets and any other

assets in the United States that are subsequently uncovered to the Securities and Exchange Commission. Except as otherwise specifically provided on Exhibit A with regard to payment of certain legal fees to the law firm of Fox Horan & Camerini LLP, the Assets shall be converted to cash as soon as practicable and the funds shall be sent to the Clerk of this Court. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval, after notice and an opportunity for interested third parties to be heard regarding the terms of any such plan of distribution. The Court's determination that Defendants' relinquishment of the assets listed on Exhibit A satisfies Defendant's obligations to pay a civil penalty, disgorgement and pre-judgment interest, is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition previously provided to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Commission's Complaint ; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 25, 2010

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

(1)     The Defendant agrees to release all legal and equitable right, title, and interest, to the extent it has any, in the following:

(a) any and all accounts at Penson Financial Services, Inc. including, but not limited to, the following:

| | |
|---|---|
| 07-11405008 | FTC CAPITAL MARKETS, INC. |
| 07-11405016 | FTC CAPITAL MARKETS, INC. |
| 07-11405024 | FTC CAPITAL MARKETS, INC. |
| 07-11405032 | FTC EMERGING MARKETS, INC |
| 07-11405040 | FTC EMERGING MARKETS, INC |
| 07-11405057 | FTC EMERGING MARKETS, INC |
| 07-11405065 | FTC EMERGING MARKETS, INC |
| 07-11405073 | FTC EMERGING MARKETS, INC |
| 07-11405099 | FTC CAPITAL MARKETS, INC. |
| 07-11405107 | FTC CAPITAL MARKETS, INC. |
| 07-11405115 | FTC CAPITAL MARKETS, INC. |
| 11405131 | FTC GROUP CARACAS CA |
| 07-11405172 | FTC EMERGING MARKETS, INC |
| 07-11405180 | FTC EMERGING MARKETS, INC |
| 07-11405198 | FTC EMERGING MARKETS, INC |
| 07-11405206 | FTC EMERGING MARKETS, INC |
| 11405396 | FTC GROUP SOCIEDAD DE CORRETAJE DE TITULOS VALORES C A |
| 07-11405412 | FTC EMERGING MARKETS, INC |
| 07-11405420 | FTC EMERGING MARKETS, INC |
| 07-11405453 | FTC EMERGING MARKETS, INC |
| 07-11405487 | FTC CAPITAL MARKETS, INC |
| 07-11405495 | FTC CAPITAL MARKETS, INC |
| 07-11405503 | FTC CAPITAL MARKETS, INC |
| 07-11405651 | FTC LONDON UK LIMITED |
| 11405727 | FTC INTERNATIONAL SPC |
| 11405735 | FTC HOLDINGS LLC |
| 07-22530455 | FTC EMERGING MARKETS, INC |
| 07-32383994 | FTC EMERGING MARKETS, INC |
| 07-91PQ0106 | FTC CAPITAL MARKETS, INC. |
| 07-91PQ0205 | FTC CAPITAL MARKETS, INC. |
| 07-91PQ1609 | FTC CAPITAL MARKETS, INC. |
| 07-91PQ1906 | FTC CAPITAL MARKETS, INC. |
| 11406014 | GUILLERMO D CLAMENS / MARIELA HERNANDEZ JTWROS |
| 11406022 | GUILLERMO D CLAMENS / MARIELA HERNANDEZ JTWROS |

(b) any and all accounts at BNP Securities Corp. including, but not limited to, the following:

| 31600028 | FTC CAPITAL MARKETS, INC |
|---|---|
| 31600047 | FTC CAPITAL MARKETS, INC |
| 31600108 | FTC EMERGING MKTS, INC |

(c) any and all accounts at Savoy Bank including, but not limited to, the following:

| 2000750 | FTC EMERGING MARKETS, INC |
|---|---|
| 2000743 | FORUM TRADING CORP |
| 2000784 | FTC CAPITAL MARKETS, INC |
| 3000130 | FORUM TRADING CORP |
| 3000155 | FTC CAPITAL MARKETS, INC |
| 3001781 | FTC FUTURES, INC |
| 3000148 | FTC EMERGING MARKETS, INC |
| 2000230 | FTC FUTURES, INC |
| 1000157 | GUILLERMO D CLAMENS |

(d) any and all accounts at JP Morgan Chase including, but not limited to, the following:

| 790037782 | FTC CAPITAL MARKETS, INC. |
|---|---|
| 790051528 | FTC EMERGING MARKETS, INC. |

(e) any and all accounts at Bear Sterns including, but not limited to, the following:

| 996-02877 | FTC CAPITAL MARKETS, INC |
|---|---|
| 615-17212 | FTC CAPITAL MARKETS, INC |
| 197-93690 | FTC CAPITAL MARKETS, INC |
| 197-94984 | FTC CAPITAL MARKETS, INC A/C FTC EMERGING MARKETS |
| 197-94328 | FTC CAPITAL MARKETS, INC |
| 197-96329 | FTC CAPITAL MARKETS, INC |
| 042-00263 | FTC EMERGING MARKETS, INC. |
| 042-00212 | FTC EMERGING MARKETS, INC. |
| 350-92516 | FTC CAPITAL MARKETS, INC |

2

(f) any and all accounts at Rosenthal Collins Group including, but not limited to, the following:

| 76300-763-20098 | FTC FUTURES, INC |
| 76300-763-20100 | FTC FUTURES, INC |
| 76300-763-20320 | FTC EMERGING MARKETS, INC |
| 76300-763-20498 | FTC EMERGING MARKETS, INC |

(g) any and all accounts at Coutts Bank including, but not limited to, the following:

| 00176915 | FTC LONDON UK |
| 00176907 | FTC LONDON UK |
| 10381309 | FTC LONDON UK |

(h) the "net proceeds" from the sale of the condominium apartment at 120 East 87th Street, apartment P20-D, New York, New York, as set forth in the Court's August 7, 2009 Stipulation and Order;

(i) all shares of Savoy Bank including, but not limited to, 180,000 shares in the name of FTC Holdings LLC;

(j) the artwork identified in the attached Appraiser Declaration dated July 24, 2009 ("Appraiser Declaration"); any third party, including but not limited to Mariela Hernandez Clamens, will be permitted to purchase those works of art at the prices listed on the Appraiser Declaration;

(k) the following artwork (currently maintained by Joaquin Gabaldon, Esq., pursuant to the Court's July 1, 2009 Stipulation and Order):

    (1)    two paintings by Luis Noguera;
    (2)    one painting by Espartaco Albornoz; and
    (3)    one painting by an unknown artist.

(l) the following artwork (previously held in the New York offices of FTC Capital Markets, Inc.), except that the first $187,500 from the proceeds of the sale of the following artwork will be used to pay legal fees and disbursements to Fox, Horan & Camerini LLP:

    (i)    one painting by Jesus Rafael Soto, titled "Ecriture Vert" (1965);
    (ii)    three paintings by Francisco Toledo, two of which are titled: "El Laberinto De Las Iguanas" (1974); and "Arana";
    (iii)    four untitled paintings by Julio Valdez;
    (iv)    three untitled paintings by Guillermo Barreto;
    (v)    two untitled paintings by Jorge Tecla;

3

     (vi)  one untitled painting by an unknown artist.

  (2)  The Defendant hereby assigns to the United States Securities and Exchange Commission any right to recover under FTC Capital Markets, Inc National Union Fire Insurance Company of Pittsburgh, PA Securities Dealer Blanket Bond policy number 2416207 (the "Policy"), and the Defendant shall execute any and all documents necessary to process any claim under the Policy.

  (3)  The Defendant hereby assigns to the United States Securities and Exchange Commission any rights under the following mortgages and promissory notes, and agrees to execute any additional documents necessary to assign such rights:

    (a) The Mortgage and Security Agreement between 71 E. Park Ave. South, LLC and FTC Emerging Markets, Inc. dated February 29, 2008; and

    (b) the Secured Loan from Forum Trading Corp. to 82 East 10th Street Realty, LLC as borrower and 71 E. Park Ave. South, LLC as guarantor dated May 14, 2008.

  (4)  The Defendant agrees to execute any documents necessary to effectuate the transfers above.