

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
RHONDA L. JUNG
(212) 336-0479

May 27, 2011

**BY  FASCIMILE**
Honorable Judge Paul G. Gardephe
Untied States District Courthouse
500 Pearl Street
New York, New York  10007

      Re:    **SEC v. FTC Capital Markets, Inc., et al.**, 09 Civ. 4755 (PGG)

Dear Judge Gardephe:

      Enclosed please find the Commission's proposed distribution plan and scheduling order with respect to the distribution of the funds under the Court's jurisdiction in this case.  If you have any questions, I can be reached at (212) 336-0479.

Respectfully submitted,

Rhonda L. Jung, Esq.

cc: William M. Brodsky, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,      :

                           :       **ECF Case**

                **Plaintiff,**    :

                           :       **09 Civ. 4755 (PGG)**

       **- against -**       :

                           :

**FTC Capital Markets, Inc.,**              :
**FTC Emerging Markets, Inc., also d/b/a FTC Group,**  :
**Guillermo David Clamens,**            :
**Lina Lopez a/k/a Nazly Cucunuba Lopez,**    :

                           :

                           :

               **Defendants.**   :
-------------------------------------------------------------------x

## MOTION FOR APPROVAL OF DISTRIBUTION PLAN AND SCHEDULING ORDER

The Securities and Exchange Commission ("SEC" or "Commission") respectfully

requests that the Court enter the Commissions proposed Distribution Plan and Scheduling Order

with respect to the distribution of the funds under this Court's jurisdiction in this case.

On May 20, 2009, the Commission brought this action against defendants FTC Capital

Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group,  Guillermo David Clamens,

and Lina Lopez, also known as Nazly Cucunuba Lopez (collectively, the "Defendants") .  In its

complaint, the Commission charged the Defendants with violations of the anti-fraud provisions

of the federal securities laws, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15

U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. §§ 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

By order dated August 26, 2010, the Court entered Final Judgments as to defendants FTC

Capital Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group, and Guillermo David

Clamens (collectively, the "FTC Defendants") . Pursuant to the Final Judgments, the FTC

Defendants relinquished all legal and equitable right, title, and interest in all of their United

States assets, which were ordered to be converted to cash as soon as practicable. The proceeds

from the sale of the defendants United States assets and any other assets in the United States that

are subsequently discovered are to be sent to the Clerk of this Court and deposited into an

interest-bearing account with the Court Registry Investment System ("CRIS"), under the case

name designation "SEC v. FTC Capital Markets, Inc., et al. 09 Civ. 4955 (PGG)."

     Since the entry of the Final Judgment, the Commission has sought to convert the assets

to cash and have the funds deposited into the CRIS. To date, the Commission has collected a

total of approximately $3,200,000 from the sale of the defendants United States assets and efforts

to identify and liquidate the defendants U.S. assets are ongoing. The "FTC Fund" will include

all of the funds currently in the CRIS account and any other amounts that may subsequently be

paid into that account as well as any interest on such amounts.

     The Commission respectfully requests that the Court enter an Order approving a plan of

distribution (the "Distribution Plan") pursuant to which the FTC Fund would be distributed pro

rata to the investors who were defrauded by the FTC Defendants and the FTC Defendants'

creditors.

     In order to ensure that all of the victims and creditors are identified and afforded the

opportunity to recover from the FTC Fund, the Commission requests that the Court approve the

steps outlined in the proposed Distribution Plan and the proposed Scheduling Order for

publication, notice, and filing a proof of claim. The proposed Scheduling Order further provides

that the name, address, and other personal identification information concerning any investor or

creditor shall be redacted from any documents filed by ECF and the unredacted documents shall

be filed under seal.

WHEREFORE, the Commission respectfully moves that the Court issue an Order:

(1)     Approving the Commission's proposed Distribution Plan;

(2)     Approving the Commission's proposed Scheduling Order; and

(3)     Appointing John J. Graubard, Esq. as Fund Administrator .

Dated:  May 27, 2011                              Respectfully submitted,

                                                  Rhonda L. Jung
                                                  Securities and Exchange Commission
                                                  3 World Financial Center
                                                  New York, New York
                                                  (212) 336-0479

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :

                                   :          **ECF Case**

                         **Plaintiff,**    :

                                   :          **09 Civ. 4755 (PGG)**

              **- against -**        :

                                   :

**FTC Capital Markets, Inc.,**           :

**FTC Emerging Markets, Inc., also d/b/a FTC Group,**  :

**Guillermo David Clamens,**            :

**Lina Lopez a/k/a Nazly Cucunuba Lopez,**   :

                                   :

                      **Defendants.**   :
------------------------------------------------------------------x

## [PROPOSED] <u>DISTRIBUTION PLAN</u>

The Securities and Exchange Commission ("SEC" or "Commission") respectfully

submits the proposed Distribution Plan for the distribution of the funds subject to the Court's

jurisdiction in this case.

## I.    Background

On May 20, 2009, the Commission filed a complaint against defendants FTC Capital

Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group, Guillermo David Clamens,

and Nazly Cucunuba Lopez charging them with violations of the anti-fraud provisions of the

federal securities laws, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.

§ 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.

§ 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

On August 26, 2010, the Court entered Final Judgments as to defendants FTC Capital

Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group, and Guillermo David

Clamens (collectively, the "Defendants") and also against Nazly Cucunuba Lopez.  Pursuant to the Final Judgments, the Defendants relinquished all legal and equitable right, title, and interest in all of their U.S. assets, which were ordered to be converted to cash as soon as practicable.  The Final Judgments further require that the proceeds from the sale of the defendants' United States assets, and any other assets in the United States that are subsequently discovered, be sent to the Clerk of this Court and deposited into an interest-bearing account (the "FTC Fund") with the Court Registry Investment System ("CRIS"), under the case name designation "SEC v. FTC Capital Markets, Inc., et al. 09 Civ. 4955 (PGG)."  The FTC Fund constitutes a Qualified Settlement Fund under Section 468B-1 of the Internal Revenue Code, 26 U.S.C. §468B1, and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.   The FTC Fund is comprised of the funds currently in the CRIS account and any other amounts that may subsequently be paid into that account as well as any interest on such amounts, which will ultimately be distributed pro rata to the investors who were defrauded by the Defendants and also to the Defendants' creditors.  This "Distribution Plan" sets forth the method for distributing the FTC Fund to eligible claimants as defined below.

## II.   **Distribution Plan Methodology**

The Plan seeks to achieve the prompt, fair, and efficient allocation of the FTC Fund to investors that suffered a loss as a result of their investment with FTC and to FTC's creditors. The Commission staff is aware of certain entities that were defrauded by the Defendants.  To ensure that any additional victims and creditors are identified and afforded the opportunity to recover from the FTC Fund, the Commission will seek to identify others that may have suffered a loss as a result of their investment with the Defendants.  The Commission will take steps to

2

alert any possible additional investors/creditors of their right to file a claim form with the

Commission in support of their claim of loss.  All claimants will be given an opportunity to cure

any deficiencies in their claim.  After evaluating all claims received, the Commission will make

a final determination concerning claimants entitled to recover from the FTC Fund and will

provide the Court a report of its findings, including a list of investors and creditors entitled to a

distribution from the FTC Fund[1] and their pro rata distribution.

### III.   Definitions

As used in the Distribution Plan, the following definitions apply:

"**Approved Claim**" means the final amount of an Eligible Claimant's asserted claim that

is ultimately approved pursuant to the Distribution Plan.

"**Available Distribution**" means the FTC Fund, less any amounts expended or to be

expended or reserved for administering the FTC Fund (e.g., reasonable fees and expenses

incurred or to be incurred in administering the Distribution Plan and the payment of taxes on the

FTC Fund).

"**Covered Period**" means the period of time commencing on April 1, 2008 and

continuing through May 31, 2009.

"**Court**" means the United States District Court for the Southern District of New York.

"**Claims Bar Date**" means the date established in accordance with the Distribution Plan

by which a Potentially Eligible Claimant must file a Proof of Claim Form to avoid the barring of

any right of Potentially Eligible Claimants to participate in any distribution from the FTC Fund.

---

[1]      All investor personal information, including names and other identifying information will
be kept confidential in public filings.  Unredacted documents will be filed with the Court under
seal.

It is also the date established in accordance with the Distribution Plan by which a Pre-Qualified

Claimant may file a request for review of the determination of the investor's eligibility to

participate in any distribution from the FTC Fund and/or the amount of the investor's loss. The

Claims Bar Date shall be no later than 90 days after the date of entry of an order approving the

Distribution Plan.

   **"Claim Deficiency Notice"** means the notice sent by the Fund Administrator to a

Potentially Eligible Claimant whose claim is deficient in one or more ways such as, for example,

failure to provide required information or documentation. The Claim Deficiency Notice shall

advise the Potentially Eligible Claimant of the reason or reasons for the deficiency and the

opportunity to cure such deficiency. A Claim Deficiency Notice shall be provided no later than

60 days after the Claims Bar Date.

   **"Claims Packet"** means all the materials to be provided to Potentially Eligible Claimants

who request such, including a copy of the Distribution Plan Notice and Proof of Claim Form

(together with instructions for completion of Proof of Claim Form).

   **"Distribution Plan Notice"** means the notice given to Potentially Eligible Claimants of

their potential right to participate in the distribution of the FTC Fund and their obligation to file a

Proof of Claim Form in order to so participate. The Fund Administrator shall design the

Distribution Plan Notice, consistent with the provisions of the Distribution Plan, and such notice

shall include, at a minimum, a description of the FTC scheme and the means of obtaining Claims

Packets (including Proof of Claim Forms, instructions for submitting Proof of Claim Forms,

and the Claims Bar Date).

**"Eligible Claimant"** means (a) any Pre-Qualified Claimant that agrees with the amount of the claim identified by the Fund Administrator, (b) any Pre-Qualified Claimant that asserts a claim in a different amount than the amount identified by the Fund Administrator, which claim is allowed following the filing of a Proof of Claim Form, and (c) any Potentially Eligible Claimant with a claim allowed following the filing of a Proof of Claim Form.  Eligible Claimant does not include, in any event:

- Any FTC Capital Markets, Inc. and/or FTC Emerging Markets, Inc. also d/b/a FTC Group  ("FTC") investor that has fully recovered the principal amount invested with FTC;

- Any present or former officer, director, or employee of FTC, and any heir, assign, distributee, spouse, parent, child, relative, or controlled entity of any present or former officer, director, or employee of FTC; and

- Any Person who, on or before the Claims Bar Date was the subject of any criminal action or proceeding related to the violations alleged in the Commission's complaint in this action, other than a Person fully found not guilty of any such criminal charges or as to whom any such criminal charges were fully dismissed with prejudice as of the Claims Bar Date, and any heir, assign, distributee, spouse, parent, child, relative, or controlled entity of any such Person.

**"Eligible Loss - Investor"** means for an FTC Investor the difference between the principal amount invested with the Defendants during the Covered Period and any amounts received from or on behalf of FTC.  An FTC Investor who has received back amounts equal to all principal amounts invested with FTC is not entitled to any distribution.  Any reinvestment of

5

principal, dividends, or interest earned shall not be deemed an amount invested.  No interest shall be allowed.

"**Eligible Loss - Non-Investor**" means for any person other than an FTC Investor the net amount owed by FTC accruing during the Covered Period, excluding all interest, late charges, service charges, and similar amounts.

"**FTC Creditor**" means any person other than an FTC Investor who is owed money by FTC.

"**FTC Fund**" means all amounts paid or to be paid into the CRIS in this matter, including accumulated interest, less costs, fees and other expenses such as tax payments and professional fees incurred or to be incurred.

"**FTC Investor**" means any Person who invested funds with FTC during the Covered Period.

"**Fund Administrator**" is the individual appointed by the Court to administer the Distribution Plan.  John J. Graubard, a Senior Attorney in the Commission's Division of Enforcement, is appointed as the Fund Administrator, and shall serve without bond.

"**Person**" means natural individuals as well as legal entities including corporations, partnerships, associations, limited liability entities, and governmental entities.

"**Pre-Qualified Claimant**" means any FTC Investor that the Fund Administrator has identified as eligible for a distribution from the FTC Fund under the Distribution Plan.  A Pre-Qualified Claimant is not required to file a Proof of Claim in order to participate in the distribution if that Person agrees with the amount of the claim.  If a Pre-Qualified Claimant does

not agree with the amount of the claim, such Person must file a claim seeking the amount that Person claims.

**"Potentially Eligible Claimant"** means any FTC Investor or FTC Creditor who may have a claim to recover from the FTC Fund other than a Pre-Qualified Claimant.

**"Proof of Claim Form"** means the form designed by the Fund Administrator in accordance with the Distribution Plan for the filing of a proof of a claim, which form shall require, at a minimum, sufficient documentation reflecting an investment with FTC or a non-investor claim accruing against FTC during the Covered Period.

**"Summary Notice"** means the notice published in a publication or publications selected by the Fund Administrator. Such notice shall include, at a minimum, a description of the FTC scheme and the means of obtaining a Claims Packet.

**"Tax Administrator"** means Damasco & Associates, LLP, the firm appointed by the Court on December 8, 2010.

**IV.    Responsibilities of the Fund Administrator and the Tax Administrator**

The Fund Administrator shall review the claims of Potentially Eligible Claimants and make determinations under the criteria identified in this Distribution Plan as to the eligibility of Potentially Eligible Claimants to recover monies and the amount of money to be distributed from the FTC Fund to Eligible Claimants in accordance with the provisions of the Distribution Plan. The Fund Administrator shall reach its determinations concerning the validity and amount of each Potentially Eligible Claimant's claim within 60 days of the Claims Bar Date.

The Fund Administrator shall review the claims of Pre-Qualified Claimants objecting to the Fund Administrator's determination of their eligibility to receive a distribution and/or their

loss amount and reach its determinations concerning the validity and amount of each Pre-Qualified Claimant's claim within 60 days of the Claims Bar Date.

The Fund Administrator shall file a report with the Court relating to the progress of its efforts every 90 days. The Fund Administrator shall file with the Court a final report, which shall include, among other things, a final accounting of all monies received and distributed in connection with the administration of the Distribution Plan.

The Tax Administrator shall administer the tax obligations of the FTC Fund. The Clerk of the Court will cooperate with the Tax Administrator in providing any information necessary to ensure tax compliance.

## V.    **Distribution Plan and Procedures**

### A.    **Allocation Among Eligible Claimants**

The proceeds of the FTC Fund will be paid to the Eligible Claimants pursuant to the Distribution Plan as adopted by the Court who are determined by the Fund Administrator to be eligible for a distribution from the FTC Fund.

The Fund Administrator, with the assistance of the Clerk of Court in issuing checks, shall make *pro rata* distributions to Eligible Claimants taking into account each Eligible Claimant's Eligible Loss and the Available Distribution.

If any portion of the FTC Fund remains undisbursed, the Fund Administrator, will seek an order of the Court for approval of either: (a) a secondary distribution to Eligible Claimants on a *pro rata* basis, provided the remaining funds are sufficient to warrant the additional administrative cost of a secondary distribution; or (b) a distribution of the remaining funds to the

8

United States Treasury. Following a secondary distribution to Eligible Claimants, any remaining funds shall be distributed to the United States Treasury as described in the paragraph below.

Should the Court order distribution of the balance of the FTC Fund to the United States Treasury, the Clerk of the Court shall disburse the balance remaining, together with all interest accrued thereon, by check to the order of the United States Securities and Exchange Commission. The check shall be delivered or mailed to the Office of Financial Management, United States Securities and Exchange Commission, 100 F Street NE, Mail Stop 6042, Washington, DC 20549, under cover of a letter copied to the Commission's counsel of record that identifies the caption and number of this case and the name of this Court, and that indicates that the funds are being paid for deposit by the Comptroller, United States Securities and Exchange Commission, into the United States Treasury, and, upon receipt of such funds, the Office of Financial Management, United States Securities and Exchange Commission, shall promptly remit the funds to the United States Treasury. An additional copy of said cover letter shall be sent to Robert J. Keyes, Associate Regional Director and Chief of Regional Office Operations, U.S. Securities and Exchange Commission, Suite 400, 3 World Financial Center, New York, NY 10281-1022.

**B.      General Administrative Procedures**

Any claim asserted by a Potentially Eligible Claimant or Pre-Qualified Claimant shall be in writing and shall provide adequate documentary evidence to substantiate the claim, including all documentary evidence that the Fund Administrator deems necessary or appropriate, including but not limited to available account statements, copies of checks paid and received, and investment certificates. All claims must be signed under penalty of perjury under the laws of the

9

United States.  All determinations of the Fund Administrator that are made in accordance with the provisions of the Distribution Plan are final and not subject to appeal.

To carry out the purposes of the Distribution Plan, the Commission may make adjustments to or extend any time deadlines set forth in the Distribution Plan that are consistent with the purposes of the Distribution Plan.  Any such adjustments, other than an extension of a time deadline for a period not in excess of 30 days, however, must be approved by the Court.

All fees and expenses incurred in the administration of the performance of the Fund Administrator's duties under the Distribution Plan, as well as any federal, state or local taxes payable in connection with the Distribution Plan, shall be paid out of the FTC Fund pursuant to further Order of the Court.

### C.     Notice

#### 1.     Mail Notice to FTC Creditors

Within 21 days following the entry by the Court of an order approving the Distribution Plan, the Fund Administrator shall mail by United States First Class Mail, a Claims Packet to those FTC Creditors known to the Fund Administrator.  Potentially Eligible Claimants may request a Claims Packet by mail or may download a copy of the Claims Packet online from the Commission's website.

#### 2.     Notice to Pre-Qualified Claimants

Within 21 days following the entry by the Court of an order approving the Distribution Plan, the Fund Administrator shall Mail by United States First Class Mail, a notice to Pre-Qualified Claimants informing them whether: (a) they have been determined to be eligible for a distribution from the FTC Fund or (b) they have been determined to be ineligible for a

distribution from the FTC Fund.  The notice will inform Pre-Qualified Claimants of the rationale

for such determination and inform them of their option to submit, by the Claims Bar Date, a

claim seeking the reevaluation of the findings.  Any Pre-Qualified Claimant wishing to file a

claim may request a Claims Packet by mail or may download a copy of the Claims Packet online

from the Commission's website.

### 3.      Publication

Within 21 days after the entry of an order approving the Distribution Plan, the Fund

Administrator shall:

- post a copy of the Summary Notice and the Distribution Plan on the

  Commission's web site (www.sec.gov); and

- publish a copy of the Summary Notice in The Wall Street Journal (New York and

  International editions).

### 4.      Additional Notice and Publication

The Fund Administrator may also give additional notice or conduct additional publication

of the distribution process in such manner as it deems appropriate, including direct notification to

individuals and entities identified by the Fund Administrator, and publishing the Summary

Notice in additional publications.

### D.      Submission of Proof of Claim

To avoid being barred from asserting a claim on or before the Claims Bar Date each

Potentially Eligible Claimant must submit to the Fund Administrator a Proof of Claim Form by

the Claims Bar Date. The burden shall be upon the Potentially Eligible Claimant to ensure that its Proof of Claim Form has been properly and timely received by the Fund Administrator.

### E.   Opportunity to Cure Deficient Claims

The Fund Administrator shall provide to each Pre-Qualified Claimant and each Potentially Eligible Claimant whose claim is deficient in whole or in part, a Claim Deficiency Notice setting forth the reason or reasons why the claim is deficient. The Claim Deficiency Notice shall be provided to affected Pre-Qualified Claimants and Potentially Eligible Claimants not later than 60 days after the Claims Bar Date.

Any Pre-Qualified Claimant and Potentially Eligible Claimant who has received a Claim Deficiency Notice shall have 14 days from the date of the Claim Deficiency Notice to cure any deficiencies identified in the Notice.

### F.   Opportunity to Request a Reevaluation of Findings

To avoid being barred from asserting a claim on or before the Claims Bar Date any Pre-Qualified Claimant and Potentially Eligible Claimant wishing to challenge the original determination concerning the extent of that Person's loss must submit to the Fund Administrator a Proof of Claim Form by the Claims Bar Date. The burden shall be upon the Pre-Qualified Claimants and Potentially Eligible Claimants to ensure that its Proof of Claim Form has been properly and timely received by the Fund Administrator.

## VI.   Payment of Approved Claims

Within 90 days following completion of processing of all Proof of Claim Forms, the Fund Administrator shall prepare a list of all Eligible Claimants and the Approved Claim for each Eligible Claimant. The Fund Administrator shall petition the Court for the authority to

distribute a specified distributable amount from the FTC Fund to the Eligible Claimants. In recommending such distributable amount to the Court, the Fund Administrator shall hold back a prudent reserve to take into account final fees and expenses incurred in the administration of the performance of his duties under the Distribution Plan, as well as any federal, state or local taxes payable in connection with the Distribution Plan, and for the fees and expenses of the Tax Administrator. Upon the Court's approval to distribute the FTC Fund to the Eligible Claimants, the Commission shall request the Clerk of the Court to distribute the proceeds of the FTC Fund by issuing the distribution checks to Eligible Claimants.

Under no circumstances shall the Fund Administrator incur any liability to any Person if the Fund Administrator makes a distribution in accordance with the list of all Eligible Claimants and their Approved Claims as approved by the Court, and all Persons are enjoined from taking any action in contravention of this provision. Upon receipt and acceptance by an Eligible Claimant of a distribution from the FTC Fund, such Eligible Claimant shall be deemed to have released all claims that such Eligible Claimant may have against the Fund Administrator and the Commission, and shall be deemed enjoined from prosecuting or asserting any such claims. The submission of the Proof of Claim Form and the receipt and/or acceptance of a distribution by an Eligible Claimant shall not affect an Eligible Claimant's rights and claims as against any party (other than the Commission and its agents).

Payments will be issued to Eligible Claimants who would be entitled to receive a distribution of at least $10.00. In determining the amount of the distribution for the purposes of this paragraph, the Fund Administrator may aggregate the accounts held by a Person. Payments

13

will be issued to Eligible Claimants by check.  The amount of any distribution payment will be rounded down to the next $10.00 amount.

The language to be included on all distribution payments shall include the following:

- a statement that the payment is a distribution of the FTC Fund established by the Court in this action on motion of the Commission,;

- a statement on all checks that checks will be void after 90 days; and

- the name of a person or entity to contact if the Eligible Claimant has any questions regarding distribution.

Checks that are not negotiated within the 90 day period shall be voided, and the issuing financial institution shall be instructed to stop payment on those checks.  If an Eligible Claimant's check has not been negotiated before the stale date and has been voided by the Clerk of the Court, that Eligible Claimant's claim shall be extinguished upon the occurrence of the stale date.

## VIII.   Document Retention

The Commission will retain all physical documents, including Proof of Claim forms, claimant correspondence and CDs, for one year beyond the date of distribution.  After that time, except as required by the federal records act, all physical documents will be destroyed permanently.  Electronic versions of the claims database will be stored in a secure off-site facility and retained for an additional two years, after which time they will be destroyed permanently, again except as required by the federal records act.

14

**IX.**    **Right to Amend**

The Court reserves the right to amend the Distribution Plan from time to time, at the

request of the Commission, or at its own initiative, and retains jurisdiction over this matter for

this purpose and for any and all other matters that may arise under or relate to the Distribution

Plan.

Dated:          New York, New York
                         , 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,            :

                             Plaintiff,            :

            - against -            :

FTC Capital Markets, Inc.,            :
FTC Emerging Markets, Inc., also d/b/a FTC Group,   :
Guillermo David Clamens,            :
Lina Lopez a/k/a Nazly Cucunuba Lopez,            :

                                   :

Defendants.            :
-------------------------------------------------------------------x

ECF Case

09 Civ. 4755 (PGG)

## [PROPOSED] SCHEDULING ORDER

The Securities and Exchange Commission (the "Commission") having moved for an

Order approving the Commission's proposed Distribution Plan and appointing John J. Graubard

as Fund Administrator thereunder, and it appearing to the Court that notice of such motion

should be provided to all parties of record and to the "FTC Creditors" and "FTC Investors" as

defined in the proposed Distribution Plan, it is hereby:

ORDERED, that on or before _____, 2011, the Commission shall send by first

class mail a copy of (a) the Commission's motion, (b) the Commission's proposed Distribution

Plan, and (c) this Order, to all parties of record in this action and to all known FTC Creditors and

FTC Investors.

FURTHER ORDERED, that on or before _____, 2011, the Commission shall

post a copy of such documents on its website, www.sec.gov, to provide notice to unknown FTC

Creditors and FTC Investors.

FURTHER ORDERED, that any opposing affidavits, declarations, memoranda of law, or other documents be served on the Commission at the following address:

Jack Kaufman, Senior Trial Counsel
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center, Room 400
New York, NY 10281-1022

and filed with the Court on or before _____, 2011, and that any reply papers be served and filed with the Court on or before _____, 2011.

FURTHER ORDERED, that all documents identifying the name or address of any FTC Creditor or FTC Investor shall not be filed on the Court's ECF filing system but shall be filed under seal with the Clerk. The Commission shall prepare a redacted copy of such documents and shall file the redacted copy on the Court's ECF filing system. The Commission shall file, under seal, a schedule identifying each known FTC Creditor and FTC Investor and assigning each a number, which number shall be used to identify such FTC Creditor or FTC Investor in any publically available documents filed herein.

FURTHER ORDERED, that if no objections are filed on or before the date set forth above, the Court will consider this matter on the Commission's motion papers. If objections are filed, the Court will hold a hearing on such objections at _____ __.m. on _____, 2011 in Courtroom 6B, United States Courthouse, 500 Pearl Street, New York, NY 10007.

Dated:     New York, New York
           _____, 2011


_____
UNITED STATES DISTRICT JUDGE

<u>SEC v. FTC Capital Markets, Inc. et al.</u>
**09 Civ. 4755 (PGG)**

## <u>INVESTOR CLAIM FORM</u>

Name and address of Claimant(s):          Telephone Number/E-mail address of Claimant(s):

_____          _____

_____          _____

_____

_____

Please provide a list of all accounts maintained with FTC Capital Markets, Inc. and/or FTC Emerging Markets, Inc. d/b/a/ FTC Group (collectively the "Defendant Entities") and if required explain the relationship of Claimant(s) to account holder(s) (e.g. "beneficial owner of XXX Corporation, account holder" or "limited partner of XYZ, Ltd., account holder"):

_____

_____

## Part 1:TO BE COMPLETED BY ALL CLAIMANTS

A.      I made the following principal investments with FTC Capital Markets and/or FTC Emerging Markets: (Please list each *outstanding* transfer of funds and/or securities separately. Please complete your response to Part 1.A. on supplemental pages, if necessary.)

<u>Date</u>   <u>Amount</u>       <u>Bank/Brokerage Account</u>[1]   <u>Method of Payment</u>[2]   <u>Source of Payment</u>[3]

_____

1/      Identify the financial institution where the payment was sent and provide the account name and number.

2/      <u>E.g.</u> wire transfer, check.

3/      Identify the financial institution that you sent the payment from and provide the account name and number.

**SEC v. FTC Capital Markets, Inc., et al.**  Claim Form continued

TOTAL INVESTED:                    $ _____

B.        I paid the following fees to FTC in connection with the account:   (You may complete your response to Part 1.B. on supplemental pages, if necessary.)

| Period Covered by Fee | Date of Payment | Amount | Method of Payment[4] |
|---|---|---|---|
| | | | |

TOTAL FEES:        $ _____

C.        After I began investing with FTC, the following payments were made to me, for my benefit, or at my direction, by FTC or from accounts under FTC's control:   (Please list each payment separately.   You may complete your response to Part 1.C. on supplemental pages, if necessary):

| Date | Amount | Method of Payment[5] | Recipient of Payment |
|---|---|---|---|
| | | | |

TOTAL RECEIVED:                    $ _____

_____

4/        Indicate whether the payment was in the form of a transfer by you or a withdrawal or transfer by FTC from an account under FTC's control, in which case identify the account.

5/        E.g. wire transfer, check.

**SEC v. FTC Capital Markets, Inc., et al.**    Claim Form continued

D.    When I terminated my relationship with FTC and/or took control of the account(s) previously opened with FTC, the balance in the account(s) was:

      <u>Account</u>            <u>Balance</u>            <u>Date of Change of Control</u>

E.    With respect to any funds allegedly mismanaged or misappropriated by FTC that have been recovered through any court action, arbitration, or insurance claim, state the amounts recovered (gross of fees or expenses); the extent to which the amounts include prejudgment interest and the date(s) from which such interest accrued; the dates of payment; the payors; and the amount of any costs or attorneys fees deducted from the amounts recovered; and identify the action (e.g. arbitration, civil forfeiture action; interpleader) resulting in the recovery; and produce copies of any award, agreement, or court order reflecting the recovery.

_____

_____

_____

_____

_____

_____

_____

_____

**SEC v. FTC Capital Markets, Inc., et al.**   Claim Form continued

F.   I ____ do/____ do not affirm that other than the payments identified in response to Parts 1. C. and E., or the receipt of the balances in my accounts stated in Part 1.D., I have not received any payments from FTC, or in connection with investments under FTC's control, since I began investing with FTC.

G.   I ____ do/____ do not affirm that I/we (if investment(s) were jointly made) was/were not at any time during the period January 2007 through May 2009, aware of the true status of my/our investments with FTC or FTC's fraud upon any other customer.

H.   Claimant's Social Security number(s) or Taxpayer Identification number(s) is/are _____ or Claimant(s) is/are not subject to taxation by the United States or any state or municipality within the United States because _____ _____

**TOTAL LOSS CLAIMED:**       $ _____

   I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA that I have examined the information provided in this Claim Form (including any supplemental pages or other material incorporated by reference), and to the best of my knowledge and belief, it is true, correct, and complete.

Executed on: _____                    _____
                  (Date)                          (Signature)

                                                  _____
                                                  (Spouse's or Joint Owner's signature, if applicable)

Sworn to before me this ___ day of _____, 2011.

_____
Notary Public
My commission expires:

4

**SEC v. FTC Capital Markets, Inc., et al.**   Claim Form continued

**Part 2:**     **TO BE COMPLETED IF PAYMENT IS TO BE MADE OTHER THAN TO CLAIMANT(S) IDENTIFIED ABOVE** _____

If Payee is different from Claimant, or if Claimant is submitting this claim in a fiduciary capacity (e.g., trustee, executor, administrator, custodian), check the appropriate box below and complete this section.

_____     Trustee_____     Executor     _____     Garnishee     _____
Successor
_____     Administrator     _____     Custodian     _____Other (explain)_____

Name of Payee     _____

Payee's Social Security number or Taxpayer Identification number is _____ or Payee is not subject to taxation by the United States or any state or municipality within the United States because _____

_____
Current Street Address                    Apt/Suite No.

_____
City          State          Country          Zip Code

_____
Daytime Phone No/Email address

     I, _____ (print name of person signing form),
DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA that, by completing and signing this form in a fiduciary capacity (e.g.,
trustee, executor, administrator, custodian), I represent that I am authorized and empowered by the
advisory client(s) named above to submit this claim and accept payment as such.

Executed on: _____          _____
                  (Date)                      (Signature)

Sworn to before me this   __  day of
_____, 2011.


_____
Notary Public
My commission expires:

5

## SEC v. FTC Capital Markets, Inc. et al.
### 09 Civ. 4755 (PGG)

## CREDITOR CLAIM FORM

Name and address of Claimant(s):          Telephone Number/E-mail address of Claimant(s):

_____          _____

_____          _____

_____

_____

Please list the dates and amounts outstanding for all goods and/or services provided to FTC Capital Markets, Inc. and/or FTC Emerging Markets, Inc. d/b/a/ FTC Group (collectively the "Defendant Entities") through May 31, 2009 and attach copies of all supporting documentation (ie. invoices):

_____

_____

_____

_____

**TOTAL LOSS CLAIMED:**          $ _____

I ____ do/____ do not affirm that the amount identified above is due and owing for goods and/or services provided to the Defendant Entities on or before May 31, 2009.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA that I have examined the information provided in this Claim Form (including any supplemental pages or other material incorporated by reference), and to the best of my knowledge and belief, it is true, correct, and complete.

Executed on: _____          _____
                  (Date)                              (Signature)

Sworn to before me this ___ day of
_____, 2011.

_____
Notary Public
My commission expires: