UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

-against-

FTC CAPITAL MARKETS, INC.,
FTC EMERGING MARKETS, INC., also d/b/a
FTC GROUP,
GUILLERMO DAVID CLEMENS, and
LINA LOPEZ a/k/a NAZLY CUCUNUBA
LOPEZ,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8\8\11

**ECF CASE**

**DISTRIBUTION PLAN ORDER**

09 Civ. 4755 (PGG)

The Securities and Exchange Commission ("SEC" or "Commission") submits the

proposed Distribution Plan for the distribution of the funds subject to the Court's jurisdiction in

this case.

## BACKGROUND

On May 20, 2009, the Commission filed a complaint against defendants FTC

Capital Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group, Guillermo David

Clamens, and Nazly Cucunuba Lopez charging them with violations of the anti-fraud provisions

of the federal securities laws, Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15

U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

On August 26, 2010, the Court entered Final Judgments as to defendants FTC

Capital Markets, Inc., FTC Emerging Markets, Inc. also d/b/a FTC Group, and Guillermo David

Clamens (collectively, the "Defendants") and also against Nazly Cucunuba Lopez. Pursuant to

the Final Judgments, the Defendants relinquished all legal and equitable right, title, and interest

in all of their U.S. assets, which were ordered to be converted to cash as soon as practicable. The

Final Judgments further require that the proceeds from the sale of the defendants' United States

assets, and any other assets in the United States that are subsequently discovered, be sent to the

Clerk of this Court and deposited into an interest-bearing account (the "FTC Fund") with the

Court Registry Investment System ("CRIS"), under the case name designation "SEC v. FTC

Capital Markets, Inc., et al. 09 Civ. 4955 (PGG)." The FTC Fund constitutes a Qualified

Settlement Fund under Section 468B-1 of the Internal Revenue Code, 26 U.S.C. §468B1, and

related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. The FTC Fund is comprised of

the funds currently in the CRIS account and any other amounts that may subsequently be paid

into that account as well as any interest on such amounts, which will ultimately be distributed

pro rata to the investors who were defrauded by the Defendants and also to the Defendants'

creditors. This "Distribution Plan" sets forth the method for distributing the FTC Fund to

eligible claimants as defined below.

## DISCUSSION

## I.     DISTRIBUTION PLAN METHODOLOGY

The Plan seeks to achieve the prompt, fair, and efficient allocation of the FTC

Fund to investors that suffered a loss as a result of their investment with FTC Capital Markets,

Inc and FTC Emerging Markets, Inc. also d/b/a FTC Group ("FTC") and to FTC's creditors.

The Commission staff is aware of certain entities that were defrauded by the Defendants. To

ensure that any additional victims and creditors are identified and afforded the opportunity to

recover from the FTC Fund, the Commission will seek to identify others that may have suffered

2

a loss as a result of their investment with the Defendants. The Commission will take steps to alert any possible additional investors/creditors of their right to file a claim form with the Commission in support of their claim of loss. All claimants will be given an opportunity to cure any deficiencies in their claim. After evaluating all claims received, the Commission will make a final determination concerning claimants entitled to recover from the FTC Fund and will provide the Court a report of its findings, including a list of investors and creditors entitled to a distribution from the FTC Fund[1] and their pro rata distribution.

## II. DEFINITIONS

As used in the Distribution Plan, the following definitions apply:

"**Approved Claim**" means the final amount of an Eligible Claimant's asserted claim that is ultimately approved pursuant to the Distribution Plan.

"**Available Distribution**" means the FTC Fund, less any amounts expended or to be expended or reserved for administering the FTC Fund (e.g., reasonable fees and expenses incurred or to be incurred in administering the Distribution Plan and the payment of taxes on the FTC Fund).

"**Covered Period**" means the period of time commencing on April 1, 2008 and continuing through May 31, 2009 including non-contingent contractual (including without limitation lease) obligations incurred prior to May 31, 2009.

"**Court**" means the United States District Court for the Southern District of New York.

---

[1]     All investor personal information, including names and other identifying information will be kept confidential in public filings. Unredacted documents will be filed with the Court under seal.

3

"**Claims Bar Date**" means the date established in accordance with the

Distribution Plan by which a Potentially Eligible Claimant must file a Proof of Claim Form to

avoid the barring of any right of Potentially Eligible Claimants to participate in any distribution

from the FTC Fund. It is also the date established in accordance with the Distribution Plan by

which a Pre-Qualified Claimant may file a request for review of the determination of the

investor's eligibility to participate in any distribution from the FTC Fund and/or the amount of

the investor's loss. The Claims Bar Date shall be no later than 90 days after the date of entry of

an order approving the Distribution Plan.

"**Claim Deficiency Notice**" means the notice sent by the Fund Administrator to a

Potentially Eligible Claimant whose claim is deficient in one or more ways such as, for example,

failure to provide required information or documentation. The Claim Deficiency Notice shall

advise the Potentially Eligible Claimant of the reason or reasons for the deficiency and the

opportunity to cure such deficiency. A Claim Deficiency Notice shall be provided no later than

60 days after the Claims Bar Date.

"**Claims Packet**" means all the materials to be provided to Potentially Eligible

Claimants who request such, including a copy of the Distribution Plan Notice and Proof of Claim

Form (together with instructions for completion of Proof of Claim Form).

"**Distribution Plan Notice**" means the notice given to Potentially Eligible

Claimants of their potential right to participate in the distribution of the FTC Fund and their

obligation to file a Proof of Claim Form in order to so participate. The Fund Administrator shall

design the Distribution Plan Notice, consistent with the provisions of the Distribution Plan, and

such notice shall include, at a minimum, a description of the FTC scheme and the means of

4

obtaining Claims Packets (including Proof of Claim Forms, instructions for submitting Proof of Claim Forms, and the Claims Bar Date).

**"Eligible Claimant"** means (a) any Pre-Qualified Claimant that agrees with the amount of the claim identified by the Fund Administrator, (b) any Pre-Qualified Claimant that asserts a claim in a different amount than the amount identified by the Fund Administrator, which claim is allowed following the filing of a Proof of Claim Form, and (c) any Potentially Eligible Claimant with a claim allowed following the filing of a Proof of Claim Form. Eligible Claimant does not include, in any event:

- Any FTC investor that has fully recovered the principal amount invested with FTC;

- Any present or former officer, director, or employee of FTC, and any heir, assign, distributee, spouse, parent, child, relative, or controlled entity of any present or former officer, director, or employee of FTC; and

- Any Person who, on or before the Claims Bar Date was the subject of any criminal action or proceeding related to the violations alleged in the Commission's complaint in this action, other than a Person fully found not guilty of any such criminal charges or as to whom any such criminal charges were fully dismissed with prejudice as of the Claims Bar Date, and any heir, assign, distributee, spouse, parent, child, relative, or controlled entity of any such Person.

**"Eligible Loss - Investor"** means for an FTC Investor the difference between the principal amount invested with the Defendants during the Covered Period and any amounts received from or on behalf of FTC. An FTC Investor who has received back amounts equal to all principal amounts invested with FTC is not entitled to any distribution. Any reinvestment of principal, dividends, or interest earned shall not be deemed an amount invested. No interest shall be allowed.

5

"**Eligible Loss - Non-Investor**" means for any person other than an FTC Investor the net amount owed by FTC accruing during the Covered Period, excluding all interest, late charges, service charges, and similar amounts.

"**FTC Creditor**" means any person other than an FTC Investor who is owed money by FTC.

"**FTC Fund**" means all amounts paid or to be paid into the CRIS in this matter, including accumulated interest, less costs, fees and other expenses such as tax payments and professional fees incurred or to be incurred.

"**FTC Investor**" means any Person who invested funds with FTC during the Covered Period. Deutsche Bank Trust Company Americas, as Trustee under the Indenture dated May 30, 2007, and the Supplemental Indentures dated March 3, 2008, March 10, 2008, and August 20, 2008, among FTC International SPC and others, for the issuance of, respectively, the Series 4 Notes, the Series 5 Notes, and the Series 6 Notes (collectively the "Notes"), may file a claim on behalf of the holders of the Notes, to the extent that the Note holders have an eligible loss.

"**Fund Administrator**" is the individual appointed by the Court to administer the Distribution Plan. John J. Graubard, a Senior Attorney in the Commission's Division of Enforcement, is appointed as the Fund Administrator, and shall serve without bond.

"**Person**" means natural individuals as well as legal entities including corporations, partnerships, associations, limited liability entities, and governmental entities.

"**Pre-Qualified Claimant**" means any FTC Investor that the Fund Administrator has identified as eligible for a distribution from the FTC Fund under the Distribution Plan. A

6

Pre-Qualified Claimant is not required to file a Proof of Claim in order to participate in the distribution if that Person agrees with the amount of the claim. If a Pre-Qualified Claimant does not agree with the amount of the claim, such Person must file a claim seeking the amount that Person claims.

**"Potentially Eligible Claimant"** means any FTC Investor or FTC Creditor who may have a claim to recover from the FTC Fund other than a Pre-Qualified Claimant.

**"Proof of Claim Form"** means the form designed by the Fund Administrator in accordance with the Distribution Plan for the filing of a proof of a claim, which form shall require, at a minimum, sufficient documentation reflecting an investment with FTC or a non-investor claim accruing against FTC during the Covered Period.

**"Summary Notice"** means the notice published in a publication or publications selected by the Fund Administrator. Such notice shall include, at a minimum, a description of the FTC scheme and the means of obtaining a Claims Packet.

**"Tax Administrator"** means Damasco & Associates, LLP, the firm appointed by the Court on December 8, 2010.

III.   **RESPONSIBILITIES OF THE FUND
ADMINISTRATOR AND THE TAX ADMINISTRATOR**

The Fund Administrator shall review the claims of Potentially Eligible Claimants and make determinations under the criteria identified in this Distribution Plan as to the eligibility of Potentially Eligible Claimants to recover monies and the amount of money to be distributed from the FTC Fund to Eligible Claimants in accordance with the provisions of the Distribution Plan. The Fund Administrator shall reach its determinations concerning the validity and amount of each Potentially Eligible Claimant's claim within 60 days of the Claims Bar Date.

7

The Fund Administrator shall review the claims of Pre-Qualified Claimants objecting to the Fund Administrator's determination of their eligibility to receive a distribution and/or their loss amount and reach its determinations concerning the validity and amount of each Pre-Qualified Claimant's claim within 60 days of the Claims Bar Date.

The Fund Administrator shall file a report with the Court relating to the progress of its efforts every 90 days. The Fund Administrator shall file with the Court a final report, which shall include, among other things, a final accounting of all monies received and distributed in connection with the administration of the Distribution Plan.

The Tax Administrator shall administer the tax obligations of the FTC Fund. The Clerk of the Court will cooperate with the Tax Administrator in providing any information necessary to ensure tax compliance.

## IV.    DISTRIBUTION PLAN AND PROCEDURES

### A.    Allocation Among Eligible Claimants

The proceeds of the FTC Fund will be paid to the Eligible Claimants pursuant to the Distribution Plan as adopted by the Court who are determined by the Fund Administrator to be eligible for a distribution from the FTC Fund.

The Fund Administrator, with the assistance of the Clerk of Court in issuing checks, shall make pro rata distributions to Eligible Claimants taking into account each Eligible Claimant's Eligible Loss and the Available Distribution.

If any portion of the FTC Fund remains undisbursed, the Fund Administrator, will seek an order of the Court for approval of either: (a) a secondary distribution to Eligible Claimants on a pro rata basis, provided the remaining funds are sufficient to warrant the

8

additional administrative cost of a secondary distribution; or (b) a distribution of the remaining funds to the United States Treasury. Following a secondary distribution to Eligible Claimants, any remaining funds shall be distributed to the United States Treasury as described in the paragraph below.

Should the Court order distribution of the balance of the FTC Fund to the United States Treasury, the Clerk of the Court shall disburse the balance remaining, together with all interest accrued thereon, by check to the order of the United States Securities and Exchange Commission. The check shall be delivered or mailed to the Office of Financial Management, United States Securities and Exchange Commission, 100 F Street NE, Mail Stop 6042, Washington, DC 20549, under cover of a letter copied to the Commission's counsel of record that identifies the caption and number of this case and the name of this Court, and that indicates that the funds are being paid for deposit by the Comptroller, United States Securities and Exchange Commission, into the United States Treasury, and, upon receipt of such funds, the Office of Financial Management, United States Securities and Exchange Commission, shall promptly remit the funds to the United States Treasury. An additional copy of said cover letter shall be sent to Robert J. Keyes, Associate Regional Director and Chief of Regional Office Operations, U.S. Securities and Exchange Commission, Suite 400, 3 World Financial Center, New York, NY 10281-1022.

## B. General Administrative Procedures

Any claim asserted by a Potentially Eligible Claimant or Pre-Qualified Claimant shall be in writing and shall provide adequate documentary evidence to substantiate the claim, including all documentary evidence that the Fund Administrator deems necessary or appropriate, including

9

but not limited to available account statements, copies of checks paid and received, and investment certificates. All claims must be signed under penalty of perjury under the laws of the United States. All determinations of the Fund Administrator that are made in accordance with the provisions of the Distribution Plan are final and not subject to appeal.

To carry out the purposes of the Distribution Plan, the Commission may make adjustments to or extend any time deadlines set forth in the Distribution Plan that are consistent with the purposes of the Distribution Plan. Any such adjustments, other than an extension of a time deadline for a period not in excess of 30 days, however, must be approved by the Court.

All fees and expenses incurred in the administration of the performance of the Fund Administrator's duties under the Distribution Plan, as well as any federal, state or local taxes payable in connection with the Distribution Plan, shall be paid out of the FTC Fund pursuant to further Order of the Court.

## C. Notice

### 1. Mail Notice to FTC Creditors

Within 21 days following the entry by the Court of an order approving the Distribution Plan, the Fund Administrator shall mail by United States First Class Mail, a Claims Packet to those FTC Creditors known to the Fund Administrator. Potentially Eligible Claimants may request a Claims Packet by mail or may download a copy of the Claims Packet online from the Commission's website.

### 2. Notice to Pre-Qualified Claimants

Within 21 days following the entry by the Court of an order approving the Distribution Plan, the Fund Administrator shall Mail by United States First Class Mail, a notice to Pre-

10

Qualified Claimants informing them whether: (a) they have been determined to be eligible for a
distribution from the FTC Fund or (b) they have been determined to be ineligible for a
distribution from the FTC Fund. The notice will inform Pre-Qualified Claimants of the rationale
for such determination and inform them of their option to submit, by the Claims Bar Date, a
claim seeking the reevaluation of the findings. Any Pre-Qualified Claimant wishing to file a
claim may request a Claims Packet by mail or may download a copy of the Claims Packet online
from the Commission's website.

### 3.   Publication

Within 21 days after the entry of an order approving the Distribution Plan, the
Fund Administrator shall:

- post a copy of the Summary Notice and the Distribution Plan on the
  Commission's web site (www.sec.gov); and

- publish a copy of the Summary Notice in The Wall Street Journal (New York and
  International editions).

### 4.   Additional Notice and Publication

The Fund Administrator may also give additional notice or conduct additional publication
of the distribution process in such manner as it deems appropriate, including direct notification to
individuals and entities identified by the Fund Administrator, and publishing the Summary
Notice in additional publications.

### D.   Submission of Proof of Claim

To avoid being barred from asserting a claim on or before the Claims Bar Date each
Potentially Eligible Claimant must submit to the Fund Administrator a Proof of Claim Form by

11

the Claims Bar Date. The burden shall be upon the Potentially Eligible Claimant to ensure that its Proof of Claim Form has been properly and timely received by the Fund Administrator.

### E.     Opportunity to Cure Deficient Claims

The Fund Administrator shall provide to each Pre-Qualified Claimant and each Potentially Eligible Claimant whose claim is deficient in whole or in part, a Claim Deficiency Notice setting forth the reason or reasons why the claim is deficient. The Claim Deficiency Notice shall be provided to affected Pre-Qualified Claimants and Potentially Eligible Claimants not later than 60 days after the Claims Bar Date.

Any Pre-Qualified Claimant and Potentially Eligible Claimant who has received a Claim Deficiency Notice shall have 14 days from the date of the Claim Deficiency Notice to cure any deficiencies identified in the Notice.

### F.     Opportunity to Request a Reevaluation of Findings

To avoid being barred from asserting a claim on or before the Claims Bar Date any Pre-Qualified Claimant and Potentially Eligible Claimant wishing to challenge the original determination concerning the extent of that Person's loss must submit to the Fund Administrator a Proof of Claim Form by the Claims Bar Date. The burden shall be upon the Pre-Qualified Claimants and Potentially Eligible Claimants to ensure that its Proof of Claim Form has been properly and timely received by the Fund Administrator.

### V.     PAYMENT OF APPROVED CLAIMS

Within 90 days following completion of processing of all Proof of Claim Forms, the Fund Administrator shall prepare a list of all Eligible Claimants and the Approved Claim for each Eligible Claimant. The Fund Administrator shall petition the Court for the authority to

12

distribute a specified distributable amount from the FTC Fund to the Eligible Claimants. In recommending such distributable amount to the Court, the Fund Administrator shall hold back a prudent reserve to take into account final fees and expenses incurred in the administration of the performance of his duties under the Distribution Plan, as well as any federal, state or local taxes payable in connection with the Distribution Plan, and for the fees and expenses of the Tax Administrator. Upon the Court's approval to distribute the FTC Fund to the Eligible Claimants, the Commission shall request the Clerk of the Court to distribute the proceeds of the FTC Fund by issuing the distribution checks to Eligible Claimants.

Under no circumstances shall the Fund Administrator incur any liability to any Person if the Fund Administrator makes a distribution in accordance with the list of all Eligible Claimants and their Approved Claims as approved by the Court, and all Persons are enjoined from taking any action in contravention of this provision. Upon receipt and acceptance by an Eligible Claimant of a distribution from the FTC Fund, such Eligible Claimant shall be deemed to have released all claims that such Eligible Claimant may have against the Fund Administrator and the Commission, and shall be deemed enjoined from prosecuting or asserting any such claims. The submission of the Proof of Claim Form and the receipt and/or acceptance of a distribution by an Eligible Claimant shall not affect an Eligible Claimant's rights and claims as against any party (other than the Commission and its agents).

Payments will be issued to Eligible Claimants who would be entitled to receive a distribution of at least $10.00. In determining the amount of the distribution for the purposes of this paragraph, the Fund Administrator may aggregate the accounts held by a Person. Payments

13

will be issued to Eligible Claimants by check. The amount of any distribution payment will be rounded down to the next $10.00 amount.

The language to be included on all distribution payments shall include the following:

- a statement that the payment is a distribution of the FTC Fund established by the Court in this action on motion of the Commission,;

- a statement on all checks that checks will be void after 90 days; and

- the name of a person or entity to contact if the Eligible Claimant has any questions regarding distribution.

Checks that are not negotiated within the 90 day period shall be voided, and the issuing financial institution shall be instructed to stop payment on those checks. If an Eligible Claimant's check has not been negotiated before the stale date and has been voided by the Clerk of the Court, that Eligible Claimant's claim shall be extinguished upon the occurrence of the stale date.

## VI.    DOCUMENT RETENTION

The Commission will retain all physical documents, including Proof of Claim forms, claimant correspondence and CDs, for one year beyond the date of distribution. After that time, except as required by the federal records act, all physical documents will be destroyed permanently. Electronic versions of the claims database will be stored in a secure off-site facility and retained for an additional two years, after which time they will be destroyed permanently, again except as required by the federal records act.

14

## VI. RIGHT TO AMEND

The Court reserves the right to amend the Distribution Plan from time to time, at the request of the Commission, or at its own initiative, and retains jurisdiction over this matter for this purpose and for any and all other matters that may arise under or relate to the Distribution Plan.

## CONCLUSION

For the reasons stated above, the Commission's motion for approval of the

Distribution Plan is GRANTED. The Clerk of the Court is directed to terminate the motion.

(Docket No. 70)

Dated: New York, New York
     August 5, 2011

SO ORDERED.

Paul G. Gardephe
United States District Judge

16

**SEC v. FTC Capital Markets, Inc. et al.**
**09 Civ. 4755 (PGG)**

## CREDITOR CLAIM FORM

Name and address of Claimant(s):          Telephone Number/E-mail address of Claimant(s):

_____          _____

_____          _____

_____

_____

Please list the dates and amounts outstanding for all goods and/or services provided to FTC Capital Markets, Inc. and/or FTC Emerging Markets, Inc. d/b/a/ FTC Group (collectively the "Defendant Entities") through May 31, 2009 and attach copies of all supporting documentation (ie. invoices):

_____

_____

_____

_____

**TOTAL LOSS CLAIMED:**          $ _____

I ____ do/____ do not affirm that the amount identified above is due and owing for goods and/or
      services provided to the Defendant Entities on or before May 31, 2009.

      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA that I have examined the information provided in this Claim Form
(including any supplemental pages or other material incorporated by reference), and to the best of
my knowledge and belief, it is true, correct, and complete.

Executed on:     _____                    _____
                 (Date)                         (Signature)

Sworn to before me this ___ day of
_____, 2011.

_____
Notary Public
My commission expires:

**SEC v. FTC Capital Markets, Inc. et al.**
**09 Civ. 4755 (PGG)**

# INVESTOR CLAIM FORM

Name and address of Claimant(s):        Telephone Number/E-mail address of Claimant(s):

_____        _____

_____        _____

_____

_____

Please provide a list of all accounts maintained with FTC Capital Markets, Inc. and/or FTC Emerging Markets, Inc. d/b/a/ FTC Group (collectively the "Defendant Entities") and if required explain the relationship of Claimant(s) to account holder(s) (e.g. "beneficial owner of XXX Corporation, account holder" or "limited partner of XYZ, Ltd., account holder"):

_____

_____

## Part 1: TO BE COMPLETED BY ALL CLAIMANTS

A.    I made the following principal investments with FTC Capital Markets and/or FTC Emerging Markets: (Please list each *outstanding* transfer of funds and/or securities separately. Please complete your response to Part 1.A. on supplemental pages, if necessary.)

Date    Amount        Bank/Brokerage Account[1]    Method of Payment[2]    Source of Payment[3]

_____

1/    Identify the financial institution where the payment was sent and provide the account name and number.

2/    E.g. wire transfer, check.

3/    Identify the financial institution that you sent the payment from and provide the account name and number.

**SEC v. FTC Capital Markets, Inc., et al.** Claim Form continued

TOTAL INVESTED:           $ _____

B.   I paid the following fees to FTC in connection with the account:   (You may complete your response to Part 1.B. on supplemental pages, if necessary.)

Period Covered by Fee      Date of Payment      Amount      Method of Payment[4]

TOTAL FEES:        $ _____

C.   After I began investing with FTC, the following payments were made to me, for my benefit, or at my direction, by FTC or from accounts under FTC's control:   (Please list each payment separately.   You may complete your response to Part 1.C. on supplemental pages, if necessary):

Date        Amount      Method of Payment[5]           Recipient of Payment

TOTAL RECEIVED:            $ _____

---

4/   Indicate whether the payment was in the form of a transfer by you or a withdrawal or transfer by FTC from an account under FTC's control, in which case identify the account.

5/   E.g. wire transfer, check.

2

**SEC v. FTC Capital Markets, Inc., et al.** Claim Form continued

D.     When I terminated my relationship with FTC and/or took control of the account(s) previously opened with FTC, the balance in the account(s) was:

Account                    Balance                    Date of Change of Control

E.     With respect to any funds allegedly mismanaged or misappropriated by FTC that have been recovered through any court action, arbitration, or insurance claim, state the amounts recovered (gross of fees or expenses); the extent to which the amounts include prejudgment interest and the date(s) from which such interest accrued; the dates of payment; the payors; and the amount of any costs or attorneys fees deducted from the amounts recovered; and identify the action (e.g. arbitration, civil forfeiture action; interpleader) resulting in the recovery; and produce copies of any award, agreement, or court order reflecting the recovery.

_____

_____

_____

_____

_____

_____

_____

_____

_____

3

**SEC v. FTC Capital Markets, Inc., et al.** Claim Form continued

F.     I ____ do/____ do not affirm that other than the payments identified in response to Parts 1.
       C. and E., or the receipt of the balances in my accounts stated in Part 1.D., I have not
       received any payments from FTC, or in connection with investments under FTC's
       control, since I began investing with FTC.

G.     I ____ do/____ do not affirm that I/we (if investment(s) were jointly made) was/were not at
       any time during the period January 2007 through May 2009, aware of the true status of
       my/our investments with FTC or FTC's fraud upon any other customer.

H.     Claimant's Social Security number(s) or Taxpayer Identification number(s) is/are
       _____ or Claimant(s) is/are not subject to taxation by the United States or any
       state or municipality within the United States because _____
       _____

.

**TOTAL LOSS CLAIMED:**     $ _____

       I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA that I have examined the information provided in this Claim Form
(including any supplemental pages or other material incorporated by reference), and to the best of
my knowledge and belief, it is true, correct, and complete.

Executed on: _____                                    _____

             (Date)                                        (Signature)

                                                           _____
                                                           (Spouse's or Joint Owner's
                                                           signature, if applicable)

Sworn to before me this ___ day of
_____, 2011.

_____
Notary Public
My commission expires:

4

**SEC v. FTC Capital Markets, Inc., et al.**  Claim Form continued

## Part 2:     TO BE COMPLETED IF PAYMENT IS TO BE MADE OTHER THAN TO
##                     CLAIMANT(S) IDENTIFIED ABOVE

If Payee is different from Claimant, or if Claimant is submitting this claim in a fiduciary capacity
(e.g., trustee, executor, administrator, custodian), check the appropriate box below and complete
this section.

| | Trustee_____ | Executor | | Garnishee | |
|---|---|---|---|---|---|
| Successor | | | | | |
| | Administrator _____ | | Custodian | _____Other (explain)_____ | |

Name of Payee _____

Payee's Social Security number or Taxpayer Identification number is _____ or Payee
is not subject to taxation by the United States or any state or municipality within the United States
because _____
.

_____        _____
Current Street Address                                          Apt/Suite No.

_____        _____
City        State                    Country                    Zip Code

_____
Daytime Phone No/Email address

   I, _____ (print name of person signing form),
DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED
STATES OF AMERICA that, by completing and signing this form in a fiduciary capacity (e.g.,
trustee, executor, administrator, custodian), I represent that I am authorized and empowered by the
advisory client(s) named above to submit this claim and accept payment as such.

Executed on: _____        _____
                    (Date)                    (Signature)

Sworn to before me this __ day of
___ ___, 2011.

_____
Notary Public
My commission expires: